**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **THE CINCINNATI INSURANCE COMPANY, *et al.*,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | )   **CIVIL ACTION 07-0615-WS-C** |
| | ) |
| **BELKIN CORPORATION, *et al.*,** | ) |
| | ) |
| **Defendants.** | ) |

**ORDER**

This matter comes before the Court on Plaintiffs' F.R.C.P. Rule 4(m) Motion to Extend Service of Process Deadline (doc. 22).  The Motion reflects that plaintiffs have undertaken diligent efforts to serve defendant Dongguan Quan Sheng Electric Company, Ltd. ("Dongguan") in the last several months.[1]  They indicate that they have now finally located Dongguan in the People's Republic of China, and have proceeded to translate the Summons into Chinese for service of process pursuant to the Hague Convention.  Plaintiffs proffer the affidavit of Rick Hamilton, an agent of the company whom plaintiffs have retained to perfect service of process on Dongguan.  Hamilton avers that, based on his experience, completion of service of process on Dongguan in China pursuant to the Hague Convention will take between four and six months, and that there are no procedures available in China to expedite service.  However, the 120-day deadline for service of process expired last week.  For that reason, plaintiffs filed a timely Motion to enlarge that deadline.

This request is governed by Rule 4(m), Fed.R.Civ.P., which provides in pertinent part as follows:

> "If service of the summons and complaint is not made upon a defendant within
> 120 days after the filing of the complaint, the court, upon motion or on its own

---

[1]       Plaintiffs' Motion would have been strengthened had they outlined with some particularity their efforts to locate and perfect service of process on defendant.  As it stands, plaintiffs offer nothing beyond their general representation that they engaged in such efforts.

initiative after notice to the plaintiff, ***shall dismiss the action without prejudice
as to that defendant or direct that service be effected within a specified time***;
provided that ***if the plaintiff shows good cause for the failure, the court shall
extend the time for service for an appropriate period***."

*Id.* (emphasis added).  On its face, then, Rule 4(m) provides for dismissal if service is not
achieved within 120 days, absent either (a) good cause for a plaintiff's dilatory service or (b) a
decision by the Court to exercise its discretion in favor of extending the time for service without
a showing of good cause.  *See, e.g., McCurdy v. American Bd. of Plastic Surgery*, 157 F.3d 191,
196 (3d Cir. 1998) (observing that dismissal under Rule 4(m) may be avoided if plaintiff shows
good cause or court chooses to exercise discretion in favor of extending time); *Lau v. Klinger*, 46
F. Supp.2d 1377, 1380 (S.D. Ga. 1999) (after expiration of 120-day period, Rule 4(m) provides
safety net to avoid dismissal only by a showing of good cause or by convincing the court to use
its discretion to extend time even in absence of good cause).  Where good cause is shown, a
court must extend time for service; however, in the absence of good cause, a court may, in its
discretion, allow an extension or dismiss the case without prejudice.  *See Scott v. Hern*, 216 F.3d
897, 912 (10th Cir. 2000); *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996).

The plaintiff bears the burden of showing good cause.  *See Wilson v. Prudential
Financial*, 332 F. Supp.2d 83, 87 (D.D.C. 2004) ("where the plaintiff fails to effect proper
service within the 120-day time limit laid down by Rule 4(m), the plaintiff carries the burden of
showing good cause for that failure").  In this case, plaintiffs represent that they have made
substantial, repeated efforts during the 120-day period to locate Dongguan, looking first in
Taiwan and then in China, and have apparently only recently succeeded in finding this
defendant.  Moreover, the procedures for serving process on Dongguan in China (which have
only just now been initiated) will likely take as long as six months to complete.  On that basis,
the Court finds that there is good cause under Rule 4(m), and that the service deadline should
therefore be extended.  *See, e.g., In re Kirkland*, 86 F.3d 172, 176 (10th Cir. 1996) ("The plaintiff
who seeks to rely on the good cause provision must show meticulous efforts to comply with the
rule."); *Prisco v. Frank*, 929 F.2d 603, 604 (11th Cir. 1991) (good cause exists only "when some
outside factor, such as reliance on faulty advice, rather than inadvertence or negligence,
prevented service.").

Furthermore, even if the requisite good cause did not exist, the Court would grant

plaintiffs' request.  As the Eleventh Circuit has held, "Rule 4(m) grants discretion to the district court to extend the time for service of process even in the absence of a showing of good cause." *Horenkamp v. Van Winkle and Co.*, 402 F.3d 1129, 1132 (11th Cir. 2005).  In determining whether to exercise its discretion in favor of such an extension, this Court may consider such factors as whether, for example, the applicable statute of limitations would bar the refiled action, or whether the defendant is evading service or has otherwise concealed a defect in service. *See id.*; *Feingold v. Hankin*, 269 F. Supp.2d 268, 277 (S.D.N.Y. 2003) (discretion to extend Rule 4(m) deadline turns on such factors as whether statute of limitations would bar re-filing, whether defendant attempted to conceal defect in service, whether defendant would be prejudiced by the extension, and whether defendant had actual notice of lawsuit); *Colasante v. Wells Fargo Corp.*, 211 F.R.D. 555, 561 (S.D. Iowa 2002) (similar).  The record reflects that plaintiffs have undertaken significant efforts to perfect service on Dongguan, a foreign company whose precise whereabouts have been unknown to plaintiffs until recently.  It further appears that plaintiffs' claims are or may be time-barred if they were to be refiled now, and that no substantial prejudice will accrue to defendants if the Rule 4(m) deadline is extended.

For all of the foregoing reasons, plaintiffs' Motion to Extend Service of Process Deadline (doc. 22) is **granted**.  The Rule 4(m) deadline for service of process on Dongguan is hereby **extended** to **June 30, 2008**.  In light of the protracted nature of this extension, and to avoid unnecessary delays in the progress of this litigation, plaintiffs are **ordered, on or before the first Wednesday of every month**, to submit monthly reports reflecting the most current information available to them concerning efforts to achieve service of process on Dongguan.

DONE and ORDERED this 2nd day of January, 2008.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE